NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUPINDER KAUR, a.k.a. Norma Irene
Bustamante,

    Petitioner,

 v.

ERIC H. HOLDER, Jr., Attorney General,

    Respondent.

No. 08-73006

Agency No. A095-710-204

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:  CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

 Rupinder Kaur, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen, *Toufighi v. Mukasey*, 538 F.3d

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

988, 992 (9th Cir. 2008), and de novo due process claims, *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Kaur's motion to reopen because it considered the record and acted within its broad discretion in determining that the evidence of changed country conditions was insufficient to warrant reopening given the underlying adverse credibility determination. *See Toufighi*, 538 F.3d at 996-97 (underlying adverse credibility determination rendered evidence of changed circumstances immaterial). Kaur has not overcome the presumption that the BIA considered all the evidence. *See Larita–Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000) (petitioner must overcome the presumption that the agency has considered all the evidence).

The BIA also did not abuse its discretion in denying the motion to reopen based on the birth of Kaur's U.S. citizen son, the son's and Kaur's "sickliness," or the approval of an I-130 petition filed on Kaur's behalf by her husband because Kaur failed to demonstrate how these changes in her personal circumstances were material to the removal proceedings. *See* 8 C.F.R. 1003.2(c)(1) (BIA may reopen only if it appears that the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing");

2

*see also He v. Gonzales*, 501 F.3d 1128, 1132 (9th Cir. 2007) (change in personal circumstances does not qualify as a change in country circumstances).

We lack jurisdiction to review the underlying adverse credibility finding, including Kaur's separation of powers argument, because this petition for review is not timely as to the agency's order finding her not credible. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003); 8 U.S.C. § 1252(b)(1).

**PETITION FOR REVIEW DENIED**.